UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**RHODE ISLAND BEEF AND VEAL, Inc.,**<br><br>　　　　　**Defendant.** | Cr. No. 20-cr-00093-MSM-PAS |

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States and Defendant, Rhode Island Beef and Veal, Inc., a corporation organized and existing under the laws of Rhode Island, have reached the following agreement:

1. Defendant's Obligations.

　　a. Defendant will plead guilty to the charges in the Indictment, which charges defendant with: Count One, defrauding customers by using an official inspection mark of the Secretary of Agriculture without authorization, in violation of 21 U.S.C. §§ 611(b) and 676(a); Count Two, defrauding customers that beef had been inspected and passed under the Federal Meat Inspection Act, also in violation of 21 U.S.C. §§ 611(b) and 676(a); and Count Three, defrauding customers by preparing beef without complying with the inspection requirements of the Federal Meat Inspection Act, in violation of 21 U.S.C. §§ 610(a) and 676 (a).  Defendant further agrees that the time between the filing of this plea agreement and the scheduled date for the change of plea is excludable under the Speedy Trial Act, 18 U.S.C. § 3161.

　　b. Defendant will promptly submit a completed Department of Justice Financial Statement (Financial Statement) to the U.S. Attorney's Office, in a form that the U.S. Attorney's Office provides and as it directs.  Defendant agrees that its Financial Statement and

disclosures will be complete, accurate, and truthful and acknowledges that defendant knows that making a false statement in the Financial Statement could subject the individual signing the Statement to prosecution under 18 U.S.C. § 1001.

    2.    Government's Obligations.   In exchange for Defendant's plea of guilty:

        a.    The government will recommend that the Court impose a sentence requiring the defendant to pay a fine within the applicable Guidelines range, payable in full before the fifteenth day after the date of the judgment.

        b.    For purposes of determining the offense level, the government agrees to recommend a two-level reduction in the offense level for acceptance of responsibility under § 3E1.1(a) of the guidelines if defendant continues to demonstrate acceptance of responsibility through sentencing.

        c.    As of the date of this agreement, defendant has timely notified authorities of an intention to enter a plea of guilty.   If the offense level is 16 or greater and defendant enters a plea of guilty pursuant to this agreement, the government will move the sentencing Court for an additional decrease of one level, pursuant to U.S.S.G. §3E1.1(b), unless Defendant indicates an intention not to enter a plea of guilty, thereby requiring the government to prepare for trial.

        d.    The United States is free to recommend a period of probation within the Guideline Range.

    3.    Defendant understands that the guidelines are not binding on the Court, and that, although the Court must consult the guidelines in fashioning any term of probation and amount of fine in this case, the guidelines are only advisory, and the Court may impose any reasonable period of probation and fine in this matter up to the statutory maximum penalties after taking into account the factors enumerated in 18 U.S.C. § 3553(a).

4. The United States and defendant stipulate and agree to the following facts under the guidelines:

(a) The defendant has more than 10 employees pursuant to U.S.S.G. §8C2.5(b)(5).

5. Except as expressly provided in the preceding paragraph, there is no agreement as to which Offense Level and Criminal History Category applies in this case and both the United States and defendant reserve their rights to argue and present evidence on all matters affecting the guidelines calculation.

6. The maximum statutory penalties for the offenses to which Defendant is pleading are:

**Counts 1-3**

A term of probation of not less than 1 year but not more than 5 years, a fine of up to $10,000, and a mandatory special assessment of $100.

Thus, if the Court were to impose consecutive sentences, the maximum penalties to which the defendant could be sentenced are: 15 years of probation, a fine of $30,000, and a mandatory special assessment of $300.

7. Defendant agrees that, after defendant and defendant's counsel sign this plea agreement, counsel will return it to the United States Attorney's Office along with a money order or certified check, payable to the Clerk, United States District Court, in payment of the special assessments. Failure to do so, unless the Court has made a previous finding of indigence, will relieve the government of its obligation to recommend a reduction in the offense level under the guidelines for acceptance of responsibility.

8. Defendant is advised and understands that:

      a. The government has the right, in a prosecution for perjury or making a false statement, to use against Defendant any statement that defendant gives under oath;

      b. Defendant has the right to plead not guilty, or having already so pleaded, to persist in that plea;

      c. Defendant has the right to a jury trial;

      d. Defendant has the right to be represented by counsel and if necessary have the Court appoint counsel at trial and every other stage of the proceeding;

      e. Defendant has the right at trial to confront and cross-examine adverse witnesses, to be protected from self-incrimination, to testify and present evidence, and to compel the attendance of witnesses;

      f. Defendant waives these trial rights if the Court accepts a pleas of guilty.

9. The government reserves its full right of allocution, including the right to present any information to the Court for its consideration in fashioning an appropriate sentence, the right to correct misstatements, misrepresentations, or omissions by defendant, and to answer any questions asked by the Court.

10. Except for paragraph 2 and paragraph 4 above, the parties have made no agreement concerning the application of the guidelines in this case.

11. Defendant understands that the Court alone makes all sentencing decisions, including the application of the guidelines and the sentence to be imposed. The Court is not bound by the parties' stipulations of fact, offense level adjustments, or the government's recommendations. The Court is free to impose any sentence it deems appropriate up to and including the statutory maximum. Defendant also understands that even if the Court's guideline

determinations and sentence are different than defendant expects, defendant will not be allowed to withdraw defendant's pleas of guilty.

12. Defendant hereby waives defendant's right to appeal the convictions and sentences imposed by the Court, if the sentences imposed by the Court are within or below the sentencing guideline range determined by the Court. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the government retains its right to appeal any of the Court's sentencing determinations.

13. This agreement is binding on the government only if defendant pleads guilty, fulfills all defendant's obligations under the agreement, does not engage in any conduct constituting obstruction of justice under § 3C1.1 of the guidelines, and does not commit any new offenses. Defendant understands that if defendant violates this agreement in any way, the government shall be released from its obligations under the agreement and will be free to make any recommendations that it deems appropriate. If that occurs, defendant shall not have the right to withdraw defendant's guilty plea.

14. This agreement binds the District of Rhode Island and does not bind any other federal, state, or local prosecutive authorities.

15. This agreement constitutes the entire agreement between the parties. No other promises or inducements have been made concerning the plea in this case. Defendant acknowledges that no person has, directly or indirectly, threatened or coerced defendant to enter this agreement. Any additions, deletions, or modifications to this agreement must be made in writing and signed by all the parties in order to be effective.

16. Counsel for defendant states that Counsel has read this agreement, been given a copy of it for Counsel's file, explained it to defendant, and states that to the best of Counsel's knowledge and belief, defendant understands the agreement.

17. The undersigned states that he is authorized to enter this Plea Agreement on behalf of the defendant. The undersigned further represents that he has read the agreement or has had it read to him, has discussed it with defendant's Counsel, understands it, and agrees to its provisions.

| Signature | Date |
|---|---|
| JOEL QUATTRUCCI<br>Vice-President, R.I. Beef and Veal, Inc. | 3/31/23 |
| GARY G. PELLETIER<br>Counsel for Defendant | 3/31/2023 |
| LEE H. VILKER<br>Assistant U.S. Attorney<br>Chief, Criminal Division | 4/4/2023 |
| ZECHARIAH CHAFEE<br>Assistant U.S. Attorney | 4/4/2023 |